1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   AMANDA LOCKHART (State Bar No. 289900)
2  THOMAS E. FRANKOVICH,
   *A PROFESSIONAL LAW CORPORATION*
3  702 Mangrove Avenue, #304
   Chico, CA 95926
4  Telephone: 415-389-8600
   Email:  tfrankovich@disabilitieslaw.com
5          alockhart@disabilitieslaw.com

6

7  Attorneys for Plaintiff VICTOR ALBAUM

8                  UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 **VICTOR ALBAUM**,                      | **Case No**.

12        Plaintiff,                       | **Civil Rights**

13     v.                                  | **COMPLAINT FOR DAMAGES:**

14 **MILLBRAE PARADISE OWNERS**            | **1st CAUSE OF ACTION:** For Denial of
   **ASSOCIATION,** a California           | Reasonable Accommodations to Use and
15 Corporation; **AGH REALTY GROUP**       | Enjoy a Dwelling in Violation of the Fair
   **CORP.,** a California Corporation;    | Housing Act (42 U.S.C. § 3601 *et seq.*);
16 **GEORGE LAM; SUZANNE LO;**
   **DERRICK LEE,**                        | **2nd CAUSE OF ACTION:** For Denial of
17                                         | Reasonable Accommodations to Use and
          Defendants.                      | Enjoy a Dwelling in Violation of the
18                                         | Housing and Urban Development Act (24
                                           | C.F.R. 100.204);
19
                                           | **3rd CAUSE OF ACTION:** For Retaliation
20                                         | Against One Asserting His Rights Under the
                                           | California Fair Employment and Housing
21                                         | Act (CA Code 12955(f));

22                                         | **4th CAUSE OF ACTION:** For Denial of
                                           | Access to Full and Equal Accommodations,
23                                         | Advantages, Facilities, Privileges and/or
                                           | Services in Violation of The Unruh Civil
24                                         | Rights Act (California Civil Code § 51, *et*
                                           | *seq.*).
25

26                                         | **DEMAND FOR JURY**

27

28

                                1

Complaint

Plaintiff VICTOR ALBAUM complains of Defendants MILLBRAE PARADISE OWNERS ASSOCATION, AGH REALTY GROUP CORP., GEORGE LAM, SUZANNE LO, and DERRICK LEE, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class Plaintiff VICTOR ALBAUM and the disability community are members, for Defendants' failure to make reasonable accommodations in the rules, policies, practices, and services the subject property, Millbrae Paradise Condominiums. Defendants also failed to remove architectural barriers structural in nature at the property. Defendants failed to make such accommodations while Plaintiff VICTOR ALBAUM, a person with disabilities, was a renter at the community. In doing so, Defendants discriminated against and denied Plaintiff VICTOR ALBAUM and the class of other similarly situated persons with physical disabilities the equal opportunity to use and enjoy a dwelling. When Plaintiff VICTOR ALBAUM attempted to assert his rights, he suffered repeated retaliatory attacks from Defendants. Plaintiff VICTOR ALBAUM seeks damages pursuant to the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), and the Housing and Urban Development Act, 24 C.F.R. 100.204, for the discrimination he faced; damages pursuant to the Fair Housing Act, 42 U.S.C. § 3617, and California Fair Employment and Housing Act, Cal. Code  § 12955(f) for the retaliation he faced; and damages under the Unruh Civil Rights Act, Cal. Code § 51, *et seq.*, for Defendants' failure to remove architectural barriers where it was readily achievable to do so.

2. Plaintiff VICTOR ALBAUM is a person with physical disabilities. Beginning in December of 2014 and continuing until Spring 2016, Plaintiff VICTOR ALBAUM and his family were renters of Unit 425 at the subject condominium community, located at 151 El Camino Real in Milllbrae, California. At said times herein, Defendants failed to provide the proper, legal, reasonable accommodations in the rules, policies, practices and services at the condominium community, including those respecting assigned parking spaces and access to functioning elevators. Defendants also failed to remove architectural

Complaint

barriers and/or provide access, such as a disabled parking space.

**JURISDICTION & VENUE:**

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and the Housing and Urban Development Act, 24 C.F.R. § 100.204.

4.  Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California Government Code § 12995 and the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*

5.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff VICTOR ALBAUM's cause of action arose in this district.

6.  This Court has the authority to grant compensatory and punitive damages pursuant to: 42 U.S.C. § 3612(o)(3), § 3613(c)(1); 28 U.S.C. § 2201, and § 2202. This Court has the authority to award reasonable attorney's fees and costs to Plaintiff VICTOR ALBAUMs as a prevailing party pursuant to 42 U.S.C. § 3613(c)(2) and Cal. Civ. Code §52(a).

**PARTIES:**

7.  Plaintiff VICTOR ALBAUM is, and at all times relevant herein was, a resident of the state of California and was/is a person with physical disabilities, which includes such references as: "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably. These definitions have similar or identical common usage and legal meaning, but the California legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons," whereas Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1 and other statutory measures refer to protection of the rights of "physically disabled persons," and sections 3602 and 3604 of the Fair Housing Act uses

Complaint

the term "handicapped" among other examples). Therefore, as used herein, Plaintiff VICTOR ALBAUM is a "person with physical disabilities." Plaintiff VICTOR ALBAUM is afflicted with diabetes and, as a result, has undergone a number of foot surgeries. As such, he is unable to walk long distances and even short distances present great difficulty for him. Plaintiff VICTOR ALBAUM has a disabled persons placard issued by the State of California. Consequently, Plaintiff VICTOR ALBAUM is a member of that portion of the public whose rights are protected by the provisions of 42 U.S.C. § 3601, *et seq.* (entitled "Fair Housing Act"), 24 C.F.R. 100.204, Cal. Civ. Code 12955, and Cal. Civ. Code § 51, *et seq.* (the Unruh Civil Rights Act).

**8.**   Defendant MILLBRAE PARADISE OWNERS ASSOCIATION is, and at all times relevant to herein was, the owner, operator and/or manager of the Millbrae Paradise Condominiums, a multi-unit residential property comprised of individually-owned condominium units and some commercial businesses, located at/near 151 El Camino Real, Millbrae, California 94030 (hereinafter referred to as "Millbrae Paradise").

**9.**   Defendant AGH REALTY GROUP CORP. (hereinafter referred to as "AGH Realty") is, and at all times relevant to herein was, the owner, operator and/or manager of Millbrae Paradise.

**10.**   Defendant GEORGE LAM is, and at all times relevant to herein was, the owner, operator and/or manager of Millbrae Paradise.

**11.**   Defendant SUZANNE LO is, and at all times relevant to herein was, the owner, operator and/or manager of Millbrae Paradise.

**12.**   Defendant DERRICK LEE is, and at all times relevant to herein was, the owner of Unit 425 at Millbrae Paradise.

**13.**   Plaintiff VICTOR ALBAUM is informed and believes and, on that basis alleges, that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and

Complaint

1  performing, or failing to act or perform, within the course and scope of such similar

2  aforementioned capacities, and with the authorization, consent, permission or ratification

3  of each of the other Defendants, and is personally responsible in some manner for the acts

4  and omissions of the other Defendants, legally resulting in causing the violations,

5  discrimination, and injuries complained of herein, and have participated, directed, and

6  have ostensibly and/or directly approved or ratified each of the acts or omissions of each

7  of the other Defendants, as herein described.

8    **14.  DEFINITIONS:**

9         a.  "Dwelling" means any building, structure, or portion thereof which

10            is occupied as, or designed or intended for occupancy as, a

11            residence by one or more families, and any vacant land which is

12            offered for sale or lease for the construction or location thereon of

13            any such building, structure, or portion thereof. 42 U.S.C. §

14            3602(b);

15         b.  "To rent" includes to lease, to sublease, to let and otherwise to

16            grant for a consideration the right to occupy premises not owned

17            by the occupant. 42 U.S.C. § 3602(e);

18         c.  "Handicap" means, with respect to a person, a physical or mental

19            impairment which substantially limits one or more of such

20            person's major life activities, a record of having such an

21            impairment, or being regarded as having such an impairment.42

22            U.S.C. § 3602(h);

23         d.  "Architectural Barriers" are physical features that limit or prevent

24            people with disabilities from obtaining the goods or services that

25            are offered. They can include but are not limited to the following

26            examples: Parking spaces that are too narrow to accommodate

27            people who use wheelchairs; a step or steps at the entrance or to

28            part of the selling space of a store; round doorknobs or door

Complaint

hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the "ADA Guide for Small Businesses" at http://www.ada.gov/smbustxt.htm.

**PRELIMINARY FACTUAL ALLEGATIONS:**

**15.**  Millbrae Paradise is a public accommodation comprised of individually-owned residential dwelling units and commercial businesses. Millbrae Paradise is thus a dwelling place and its facilities, including the parking lots and related facilities are each a "place of public accommodation or facility" subject to the reasonable accommodations requirements of the Fair Housing Act and the barrier removal requirements of the Americans with Disabilities Act/Unruh Civil Rights Act.

**16.**  On information and belief, Millbrae Paradise was constructed and designed for first occupancy after March 13, 1991 (30 months after September 13, 1988).

**17.**  On information and belief, Millbrae Paradise and Unit 425 were dwellings provided in whole or in part with the aid of loans, advances, grants, or contributions made by the Federal Government, under agreements entered into after November 20, 1996.

**18.**  At all times herein, Defendants owned and operated Millbrae Paradise as both a place of dwelling and as a place of public accommodation per 42 U.S.C. 3602(b) and California Civil Code §§51, 51.5 and 54, *et seq.*

**19.**  At all times stated herein, Defendants were aware of their duties under the Fair Housing Act.

**20.**  At all times stated herein, Defendants were aware of their duties under the Unruh Civil Rights Act.

**21.**  On or about December 2014, Plaintiff VICTOR ALBAUM and his wife and son

6

Complaint

moved into Unit 425 at Millbrae Paradise. Plaintiff VICTOR ALBAUM and his family had agreed to rent this dwelling unit from owner Defendant DERRICK LEE. With the rental of Unit 425, Plaintiff VICTOR ALBAUM enjoyed use of parking space #228, close to Elevator 3, in the underground parking lot at Millbrae Paradise. Unfortunately, Plaintiff VICTOR ALBAUM was unable to use Elevator 3 with any consistency or predictability because:

> 1) this elevator was not properly maintained, making it, for all practical purposes, unusable and resulting in his having to walk to and use an elevator on the other side of the parking lot, and
> 2) when Elevator 3 was functional, it was frequently reserved by other residents for move-in/move-out purposes as Elevator 3 was/is a freight elevator and was/is located near a truck loading dock.

**22.** Plaintiff VICTOR ALBAUM complained to Defendants, especially to Defendant GEORGE LAM and Defendant SUZANNE LO, on several occasions that he was unable to use Elevator 3. Instead, Plaintiff VICTOR ALBAUM was forced to rely on Elevators 1 and 2 to get to and from his car. These elevators were located approximately 500 feet from Plaintiff VICTOR ALBAUM's assigned parking space, #228. Both elevators 1 and 2 were on the opposite end of the building from where his condo was located. Thus, Plaintiff VICTOR ALBAUM was forced to walk the equivalent of an entire city block to access the working, available elevators.

**23.** On or about May 2015, having received no responsive action from any Defendant, especially Defendant GEORGE LAM or Defendant SUZANNE LO, regarding the inconsistent availability of elevator 3, Plaintiff VICTOR ALBAUM began availing himself of the disabled parking space located near elevators 1 and 2.

**24.** On or about May 13, 2015, Plaintiff VICTOR ALBAUM received a "Warning Notice" for parking in the designated handicapped space. This notice read, in relevant

Complaint

part: "You are given 24 hours to remove your vehicle or it will be wheellocked and you will be fined $250 to remove the wheellock." The notice was from the MPOA (Millbrae Paradise Owners Association). A copy of the "Warning Notice" is attached hereto as "Exhibit A."

**25.** On or about May 13, 2015, after having received the Warning Notice, Plaintiff VICTOR ALBAUM spoke with Defendants GEORGE LAM and SUZANNE LO in their capacity as representatives of Defendants MILLBRAE PARADISE OWNERS ASSOCIATION and AGH REALTY GROUP CORP. to explain that he (Plaintiff VICTOR ALBAUM) required a parking space closer to working elevators 1 and 2. Plaintiff VICTOR ALBAUM informed Defendants GEORGE LAM and SUZANNE LO that he was disabled and that his disability was the reason for the request to move his parking space.

**26.** On or about May 13, 2015, Plaintiff VICTOR ALBAUM made an oral request of Defendants GEORGE LAM and SUZANNE LO in their capacity as representatives of Defendants MILLBRAE PARADISE OWNERS ASSOCIATION and AGH REALTY GROUP CORP. for a reasonable accommodation—he simply requested a parking space closer to elevators 1 and 2.

**27.** Defendants did not honor this request.

**28.** On or about June 27, 2015, Defendants altered the signage on the disabled parking space that was used by Plaintiff VICTOR ALBAUM and that is the subject of this case. Defendants posted a paper sign at the subject parking space stating, "Commercial customers Only for this Building Retail Stores [sic]."

**29.** On or about July 7, 2015, the temporary sign was replaced with a permanent disabled parking sign that indicated parking was/is for "Commercial Customers Only." A copy of this sign is attached hereto as "Exhibit B" and is incorporated by reference as though fully set forth herein.

**30.** Believing that, as a legally disabled person and as a person who made a request for a reasonable accommodation, he had a right to use the parking space, Plaintiff

Complaint

VICTOR ALBAUM continued to use the disabled parking stall.

**31.**  On or about August 21, 2015, Plaintiff VICTOR ALBAUM received a second "Warning Notice." Again, this notice warned Plaintiff VICTOR ALBAUM, "You are given 24 hours to remove your vehicle or it will be wheellocked and you will be fined $250 to remove the wheellock." The notice was from the MPOA (Millbrae Paradise Owners Association). A copy of the "Warning Notice" is attached hereto as "Exhibit C."

**32.**  Plaintiff VICTOR ALBAUM now feared that his car would be towed or that he would be further retaliated against. Because he feared retaliation and for the safety of his property, Plaintiff VICTOR ALBAUM began parking in his originally-assigned space if he was unable to find closer, street parking. As a consequence of parking in his original space or in a nearby street space, Plaintiff VICTOR ALBAUM, was forced to walk distances of at least 500 feet to access a working elevator. As a legal result, Plaintiff VICTOR ALBAUM experienced debilitating pain, frustration, difficulty, and annoyance.

**33.**  On or about October 19, 2015, Plaintiff VICTOR ALBAUM, through Project Sentinel, mailed a reasonable request letter to all Defendants. Project Sentinel is a HUD-Approved Housing Counseling Agency. This letter described in detail the situation regarding the disabled parking space and elevators in question, Plaintiff VICTOR ALBAUM's reasonable requests for accommodation, Defendants' refusal of those requests, Defendants' retaliatory actions, and the laws that protect Plaintiff VICTOR ALBAUM from the previously-stated discrimination, refusal of accommodation, and retaliation. This letter renewed Plaintiff VICTOR ALBAUM's request for a reasonable accommodation. A copy of this letter is attached as "Exhibit D":

Complaint

Derrick Lee
1574 43rd Avenue
San Francisco, CA 94122

AGH Management Corp.
c/o George Lam
888 Brannan Street, Suite 153-155
San Francisco, CA 94103

AGH Management Corp.
c/o Suzanne Lo
159 Camino Real
Millbrae, CA 94030

Re:    Reasonable Accommodation Request for Victor Albaum
       151 El Camino Real Unit 425, Millbrae, CA 94030
       Project Sentinel Case No.: 1516-061

Dear Mr. Lee, Mr. Lam, and Ms. Lo:

Project Sentinel is a government-supported, non-profit agency that provides education, counseling, conciliation, investigation, information, and referrals to people who face housing discrimination. As such, Project Sentinel also assists people with disabilities in obtaining reasonable accommodations when necessary. We are writing to assist Victor Albaum ("Mr. Albaum") in obtaining a reasonable accommodation for his disability.

Enclosed as part of Mr. Albaum's request, please find the following:

1.  Letter from the Department of Veterans Affairs, confirming that Mr. Albaum has a disability, dated August 27, 2015;
2.  Photo of Mr. Albaum's parking ticket, dated May 13, 2015;
3.  Photo of Mr. Albaum's parking ticket, dated August 21, 2015;
4.  Photo of interim signage at handicap parking space, taken June 27, 2015;
5.  Photo of permanently changed signage at handicap parking space, taken July 7, 2015; and
6.  A copy of the Joint Statement of the Department of Housing and Urban Development and the Department of Justice on Reasonable Accommodations Under the Fair Housing Act.

As you know, Mr. Albaum suffers from various foot problems that make it difficult for him to walk even short distances. Attached is a

10

Complaint

letter from the Department of Veterans Affairs confirming that Mr. Albaum has a disability. In addition, Mr. Albaum has a handicap placard for his car. Due to Mr. Albaum's limited ability to walk, he requires a parking space close to a functioning elevator that he can use to go up to his unit.

For some time, Mr. Albaum used a parking space labeled as handicap located in the parking area of the building near Elevators 1 and 2. Project Sentinel is aware that Elevator, located in a different area of the parking area, is regularly out of service due to repairs or reservations. For that reason, Mr. Albaum does not park near Elevator 3 – he cannot rely on it to consistently be available for his use.

On May 13, 2015, Mr. Albaum received a ticket stating that his car would be towed if it was parked in the handicap space, even though he had the appropriate handicap placard. That same day, Mr. Albaum spoke with George Lam and Suzanne Lo, informing them of his disability and asking for a parking space close to a functioning elevator. This request was a reasonable accommodation request, which required Mr. Lam and Ms. Loc to grant the request or an adequate alternative.

Instead of accommodating Mr. Albaum's request based on his disability, Mr. Lam and Ms. Lo further prevented Mr. Albaum from using the space. Previously, there had never been any designation of the parking space as a commercial space, but Mr. Lam and Ms. Lo changed the designation of the parking spaces solely to prevent Mr. Albaum from parking there. Please see the attached photos, which show the interim signage, taken June 27, 2015, and the subsequent change to the signage, taken July 7, 2015, indicating that the space is for commercial purposes only. This change[] occurred only after Mr. Albaum asserted his right to receive an accommodation for his disability.

Mr. Albaum received an additional ticket for using the handicap parking space on August 15, 2015. Please see that enclosed picture of that ticket. Because Mr. Albaum is unable to park in a handicap space close to a reliably function elevator, eh has had to try to find parking on the street, which is not regularly available, or park far away from the elevator and walk a significant distance. As state above, his disability causes significant walking to be extremely painful and strenuous, and Mr. Albaum cannot continue to walk these distances to the elevator.

As I am sure you are aware, people with disabilities are not simply

Complaint

entitled to equal treatment under the fair housing laws. Congress has singled them out for additional protections in the form a reasonable accommodation. This makes it unlawful to discriminate against a person with physical or mental disabilities by failing to "make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford such person equal opportunity to use and enjoy such a dwelling," 42 U.S.C. § 3604(f)(3)(B); 24 CFR 100.204.

In addition, retaliation against a tenant for asserting his rights under the federal Fair Housing Act or California's Fair Employment and Housing Act is prohibited. 42 U.S.C. § 3617, CA Gov't Code § 12955(f). Retaliation is a negative action taken against an individual subsequent to the individual asserting his rights under the fair housing laws.

Mr. Albaum already made a reasonable accommodation request to the property managers on May 13, 2015. The property managers denied his request altogether and further prevented him from using a handicapped parking space to which he was entitled. Because their action occurred after Mr. Albaum requested the accommodation, it is facially retaliation based on his request. Both the denial of his request and the retaliation against him are violation of the fair housing laws. As such it is imperative that you grant Mr. Albaum's request immediately or else risk further administrative action.

Please respond by **October 29, 2015, at 5 PM** to discuss Mr. Albaum's reasonable accommodation request. If you feel that it is impossible for you to grant this reasonable accommodation request for one of the limited reasons described in the enclosed Joint Statement at pages 7-8, please provide an adequate alternative for us to discuss. Note that failure to respond to this request, or failure to propose an adequate alternative, constitutes continued denial of Mr. Albaum's request for a reasonable accommodation and will result in further administrative action.

Sincerely,

Jennie Stephens-Romero
Fair Housing Coordinator
Project Sentinel Fair Housing Center
1615 Hudson St., Ste. A
Redwood City, CA 94061
jstephensromero@housing.org
(650) 321-6291 ext. 8108

Complaint

www.housing.org

**34.** On or about November 4, 2015, Project Sentinel received a fax dated October 30, 2015, ostensibly in response to the October 19, 2015, letter. This response informed that DEFENDANT AGH REALTY CORP. was not responsible for the parking spaces at Millbrae Paradise and that either the owner of Unit 425, Defendant DERRICK LEE, or Defendant MILLBRAE PARADISE OWNERS ASSOCIATION was the responsible party. However, the agent for service of process for Defendant MILLBRAE PARADISE OWNERS ASSOCIATION was/is Defendant AGH REALTY CORP. Thus, all responsible parties were properly notified by the October 19, 2015, letter. This letter also informed that Plaintiff VICTOR ALBAUM's assigned parking space was sufficient as it was located next to (non-functioning freight) elevator 3. This response, dated October 30, 2015, was also delivered to Project Sentinel via certified mail on November 5, 2015; postmarked November 4, 2015.

**35.** On or about November 6, 2015, Plaintiff VICTOR ALBAUM, via Project Sentinel, sent a reply letter to all Defendants. In this letter, Plaintiff VICTOR ALBAUM reminded Defendants of their obligation with regard to his previous, reasonable accommodation request. This letter also sets forth the relationship between Defendants MILLBRAE PARADISE OWNERS ASSOCIATION and AGH REALTY CORP., despite Defendants' attempt to confuse that issue. This letter requested a response of any kind from Defendant DERRICK LEE and, once again, renewed Plaintiff VICTOR ALBAUM's reasonable accommodation request for a parking space close to a working elevator and demanded a response by November 13, 2015. A copy of the November 6, 2015, letter is attached hereto as "Exhibit E":

Complaint

1

2    Derrick Lee
     1574 43rd Avenue
3    San Francisco, CA 94122

4    Millbrae Paradise Owners Association
     155 El Camino Real
5    Millbrae, CA 94030

6
     AGH Management Corp. (agent for MPOA)
7    151 Camino Real
     Millbrae, CA 94030
8

9    Re:    Reasonable Accommodation Request for Victor Albaum
             151 El Camino Real Unit 425, Millbrae, CA 94030
10           Project Sentinel Case No.: 1516-061

11
     Dear Mr. Lee, Millbrae Paradise Owners Association, and AGH
12   Management Corp.:

13   Project Sentinel is in receipt of your letter dated October 30, 2015, bur
     mailed on November 4, 2015.
14

15   This is Project Sentinel's last attempt to communicate directly with
16   you. As we have explained to you on multiple occasions, you have a
     legal duty to provide Victor Albaum with a reasonable accommodation
17   in the form of a parking space close to a regularly function elevator.
     Specifically, Mr. Albaum requires a parking space near elevators 1 and
18   2 in your parking garage. Please refer to Project Sentinel's October 19,
     2015 written request for more details about your legal duty to provide
19   this accommodation.
20
     Your November 4, 2015 letter is misleading and again fails to fulfill
21   your legal obligations under the Fair Housing Amendments Act and
     California's Fair Employment and Housing Act.
22

23   First, AGH Management is responsible for parking in the building and
24   has the ability to provide Mr. Albaum with a parking space he requires.
     In addition, AGH Management states that Project Sentinel should
25   speak with the Millbrae Paradise Owners Association (MPOA).
     Enclosed with this letter, I have provided the record for MPOA from
26   the California Business Directory. As you can see, AGH Management
27   is listed as the Agent for Service of Process for the MPOA. Therefore,
     communicating with AGH Management is sufficient to communicate
28   with MPOA. When AGH Management claims that we have not

                                    14

Complaint

communicated with MPOA, it is obfuscating its role and attempting to shirk its legal duties.

AGH Management has also failed to carefully review Mr. Albaum's written request. AGH claims that Mr. Albaum has a parking space, number 228, that works for him. In the written request, Project Sentinel explained that Mr. Albaum's current parking space is near elevator 3, and that elevator 3 is regularly out of service or reserved for exclusive use, thus preventing Mr. Albaum from using it. For this reason, parking near elevator 3 is insufficient for Mr. Albaum. Please see the October 19, 2015 letter for more detail.

Lastly, we have not received any response from Derrick Lee, the owner of Mr. Albaum's unit despite mailing him a copy of the written request on October 19, 2015. We would like to remind Mr. Lee that he is liable for any misconduct on the part of AGH Management and MPOA.

We require a response granting Mr. Albaum his reasonable accommodation by November 13, 2015 at 5 PM. Failure to do so will result in an administrative action.

Sincerely,

Jennie Stephens-Romero
Fair Housing Coordinator
Project Sentinel Fair Housing Center
1615 Hudson St., Ste. A
Redwood City, CA 94061
jstephensromero@housing.org
(650) 321-6291 ext. 8108
www.housing.org

36. On or about November 11, 2015, Plaintiff VICTOR ALBAUM's son, Aaron Albaum, who resided with Plaintiff VICTOR ALBAUM in Unit 425 at Millbrae Paradise, stopped in the lobby of the building on his way home to speak with a security officer named Ira Earls. When Defendant GEORGE LAM saw Plaintiff VICTOR ALBAUM's son Aaron, Defendant GEORGE LAM became irate and confrontational. Defendant GEORGE LAM alternately insisted that Aaron Albaum did not live there and demanded Aaron Albaum's unit number. Defendant GEORGE LAM inquired of security officer Ira

Complaint

Earls three separate times if Aaron Albaum lived at Millbrae Paradise and Mr. Earls answered "yes" each time.

**37.**  Also on or about November 11, 2015, Plaintiff VICTOR ALBAUM received another ticket for parking in a designated handicapped parking space. However, this space was not reserved for commercial parking.

**38.**  On or about November 12, 2015, Plaintiff VICTOR ALBAUM emailed Defendant SUZANNE LO regarding the incident between his son and Defendant GEORGE LAM.

**39.**  Defendant SUZANNE LO responded on or about November 13, 2015, in an email bearing Defendant AGH REALITY GROUP CORP.'s letterhead and email address. This response informed Plaintiff VICTOR ALBAUM that Defendant MILLBRAE PARADISE OWNERS ASSOCIATION would be holding a vote on November 19, 2015, to determine whether to grant Plaintiff VICTOR ALBAUM's reasonable request for an accommodation.

**40.**  On or about November 15, 2015, Plaintiff VICTOR ALBAUM received an email from a person named Irene Lee who identified herself as Defendant DERRICK LEE's relative. Ms. Lee suggested that Plaintiff VICTOR ALBAUM and Defendant GEORGE LAM attempt to resolve the instant conflict informally.

**41.**  On or about November 16, 2015, Defendant DERRICK LEE contacted Plaintiff VICTOR ALBAUM directly. Defendant DERRICK LEE stated that while he supported Plaintiff VICTOR ALBAUM's endeavor to have a reasonable accommodation provided, that he (LEE) could not assist as the decision was for Defendant AGH REALITY GROUP CORP.

**42.**  On or about November 20, 2015, Defendant MILLBRAE PARADISE OWNERS ASSOCIATION informed Plaintiff VICTOR ALBAUM that, at the November 19, 2015, meeting, the board determined that it was unable to grant Plaintiff VICTOR ALBAUM's reasonable accommodation request. Defendant MILLBRAE PARADISE OWNERS ASSOCIATION further informed Plaintiff VICTOR ALBAUM that only Defendant

Complaint

DERRICK LEE was in a position to assist Plaintiff VICTOR ALBAUM. However, Defendant MILLBRAE PARADISE OWNERS ASSOCIATION assured Plaintiff VICTOR ALBAUM that it would work with Plaintiff VICTOR ALBAUM to help him contact other residents who may be willing to trade parking spaces with him; however, Defendant MILLBRAE PARADISE OWNERS ASSOCIATION failed to take this step and contact residents willing to switch. Nor did Defendant MILLBRAE PARADISE OWNERS ASSOCIATION offer to change the location of one of the parking spaces designated as commercial. Despite its assurances, Defendant MILLBRAE PARADISE OWNERS ASSOCIATION has failed to work with or assist Plaintiff VICTOR ALBAUM in any way.

**43.**  On or about December 28, 2015, Plaintiff VICTOR ALBAUM called the Millbrae police after observing that the disabled parking spaces at Millbrae Paradise had been vandalized. Plaintiff VICTOR ALBAUM reported to responding officer Verber that all of the disabled parking spaces at Millbrae Paradise had been painted over and that all of their signage had been removed. Officer Verber spoke with Defendants GEORGE LAM and SUZANNE LO who confirmed that the parking spaces had been painted over and the signage removed at the request of Defendant MILLBRAE PARADISE OWNERS ASSOCIATION, Defendant DERRICK LEE, and other unnamed residents. Defendant SUZANNE LO verbally confirmed to Officer Verber the intent to tow Plaintiff VICTOR ALBAUM's car if it was not moved from the parking formerly designated as disabled. A copy of the December 28, 2015, San Mateo County Sherriff's Report is attached hereto as "Exhibit F."

**44.**  Because of the discrimination he experienced and the retaliation he suffered, Plaintiff VICTOR ALBAUM and his family were compelled to move in the spring of 2016.

**45.**  Plaintiff VICTOR ALBAUM is an "aggrieved person" within the meaning of federal and state fair housing law, 42 U.S.C. § 3602(i) and Cal. Gov't Code § 12927(g). As the direct and legal result of Defendants' acts and omissions as described herein,

Complaint

Plaintiff VICTOR ALBAUM was denied the equal use and enjoyment of his rental dwelling. Plaintiff VICTOR ALBAUM's use and enjoyment of his unit was further diminished by the retaliatory actions of Defendants as described herein.

**46.**  Plaintiff VICTOR ALBAUM has suffered as a legal result of the acts and omissions of Defendants, and each of them, including but not limited to: economic loss, loss of time and effort, loss of housing opportunity, deprivation of the right to equal housing opportunity, emotional distress and the attendant bodily and physical injuries/conditions, a loss of civil rights, frustration, difficulty, embarrassment and inconvenience.

**47.**  The acts and omissions of Defendants and each of them as stated herein constitute unlawful practices of Defendants, which were wanton, willful, malicious, fraudulent and/or oppressive; were intended to cause injury to Plaintiff VICTOR ALBAUM; and/or were done in conscious, callous, reckless or deliberate disregard for the federally protected rights of Plaintiff VICTOR ALBAUM and those members of the class of disabled Americans. Accordingly, Plaintiff VICTOR ALBAUM is entitled to damages, including, but not limited to punitive damages.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT OF 1988** (On behalf of Plaintiff VICTOR ALBAUM and against all Defendants.) (42 U.S.C. § 3601, et seq.)

**48.**  Plaintiff VICTOR ALBAUM re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**49.**  In acting as alleged herein, Defendants have injured Plaintiff VICTOR ALBAUM by committing discriminatory and retaliatory housing practices in violation of the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601 *et seq.* Defendants unlawful conduct under the FHA includes, but is not limited to:

        a.  A refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be

Complaint

1  necessary to afford such person equal opportunity to use and enjoy

2  a dwelling. 42 U.S.C. § 3604(f)(3)(B).

3  b.  A failure to ensure that the public use and common use portions of

4  this dwelling are readily accessible to and usable by handicapped

5  persons. 42 U.S.C. § 3604(f)(3)(C)(i).

6  c.  A practice and pattern of coercing, intimidating, threatening, or

7  interfering with any person in the exercise or enjoyment of any

8  right granted or protected by section 3604 of the FHA.

9  **50.**  Defendants' duties under the FHA are mandatory and long-established.

10  Defendants are deemed to have had knowledge of their duties at all times relevant herein;

11  their failure to carry out the duties and their pattern of retaliating against Plaintiff

12  VICTOR ALBAUM and his family for asserting his rights as alleged herein was willful

13  and knowing and/or the product of deliberate indifference.

14  **51.**  Here, the refusal to make a reasonable accommodation per Plaintiff VICTOR

15  ALBAUM's many requests is a violation of the FHA.

16  **52.**  Here, the failure to ensure that the pubic/common use features and amenities at

17  Millbrae Paradise, i.e. the elevator and parking spaces, were readily accessible to and

18  useable by disabled persons is a violation of the FHA.

19  **53.**  Here, the pattern and practice of retaliating against and harassing Plaintiff

20  VICTOR ALBAUM after the Defendants' failure to make a reasonable accommodation

21  as requested is a violation of the FHA.

22  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE HOUSING AND**

23  **URBAN DEVELOPMENT ACT.** (On behalf of Plaintiff VICTOR ALBAUM and

24  against all Defendants.) (24 C.F.R. Part 100, Subpart D, *et seq.*)

25  **54.**  Plaintiff VICTOR ALBAUM re-pleads and incorporates by reference, as if fully

26  set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27  **55.**  In acting as alleged herein, Defendants have injured Plaintiff VICTOR ALBAUM

28  by committing discriminatory housing practices in violation of the Prohibition Against

Complaint

Discrimination Because of a Handicap, 24 C.F.R. Part 100, Subpart D, *et seq.* Defendants unlawful conduct under the FHA includes, but is not limited to:

    a.  the refusal refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common use areas. 24 CFR § 100.204(a).

**56.** Of particular interest is the exemplar contained in the above-stated regulation and enumerated as 24 CFR § 100.204(b)(2):

    a.  "Progress Gardens is a 300 unit apartment complex with 450 parking spaces which are available to tenants and guests of Progress Gardens on a first come first served basis. John applies for housing in Progress Gardens. John is mobility impaired and is unable to walk more than a short distance and therefore requests that a parking space near his unit be reserved for him so he will not have to walk very far to get to his apartment. It is a violation of § 100.204 for the owner or manager of Progress Gardens to refuse to make this accommodation. Without a reserved space, John might be unable to live in Progress Gardens at all or, when he has to park in a space far from his unit, might have great difficulty getting from his car to his apartment unit. The accommodation therefore is necessary to afford John an equal opportunity to use and enjoy a dwelling. The accommodation is reasonable because it is feasible and practical under the circumstances."

**57.** Here, the failure to make a reasonable accommodation per Plaintiff VICTOR ALBAUM's many requests is a violation of the Housing and Urban Development Act.

Complaint

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA)** (On behalf of Plaintiff VICTOR ALBAUM and against all Defendants.) (California Civil Code section 12955, et seq.)

**58.**  Plaintiff VICTOR ALBAUM re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**59.**  In acting as alleged herein, Defendants have injured Plaintiff VICTOR ALBAUM by discriminating and retaliating against him because he asserted his rights under the California Fair Employment and Housing Act, Cal. Civ. Code § 12955, *et seq.* Defendants unlawful conduct under the FHA includes, but is not limited to the following:

    a.  Discriminating against the Plaintiff VICTOR ALBAUM on the basis of his disability, in violation of Cal. Civ. Code § 12955(a);

    b.  Harassing or otherwise discriminating against any person in the sale or rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under this section, informed law enforcement agencies of practices believed unlawful under this section, has testified or assisted in any proceeding under this part, or has aided or encouraged a person to exercise or enjoy the rights secured by this part. Cal Civ. Code § 12955(f).

**60.**  Here, the refusal to make a reasonable accommodation was discriminatory and in violation of the FEHA.

**61.**  Here, the pattern and practice of retaliating against and harassing Plaintiff VICTOR ALBAUM after the Defendants' failure to make a reasonable accommodation as requested is a violation of the FEHA.

**62.**  Defendants' unlawful conduct under the FEHA also includes discrimination against a disabled person as contemplated under the Unruh Civil Rights Act because Defendants' are business establishments. Cal Civ. Code § 51; Cal Civ. Code § 12955(d).

Complaint

**IV. FOURTH CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff VICTOR ALBAUM and against all Defendants.) (Cal. Civ. Code § 51-53.)

**63.** Plaintiff VICTOR ALBAUM re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**64.** Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> "This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment,

Complaint

facility, building, improvement, or any other structure . . . nor shall
anything in this section be construed to augment, restrict, or alter
in any way the authority of the State Architect to require
construction, alteration, repair, or modifications that the State
Architect otherwise possesses pursuant to other . . . laws.

**65.** The intent of the Defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of Defendants, as reasonable and prudent owners/operators of a place of public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendants, and each of them.

**66.** The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate
against, boycott or blacklist, refuse to buy from, sell to, or trade with any
person in this state because of the race, creed, religion, color, national
origin, sex, or **disability** of the person or of the person's partners,
members, stockholders, directors, officers, managers, superintendents,
agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association,
organization, partnership, business trust, corporation, limited liability
company, or company.

Nothing in this section shall be construed to require any construction,
alteration, repair, structural or otherwise, or modification of any sort
whatsoever, beyond that construction, alteration, repair or modification
that is otherwise required by other provisions of law, to any new or

23

Complaint

existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

**67.**  Defendants' acts and omissions as specified have denied Plaintiff VICTOR ALBAUM full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

**68.**  As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff VICTOR ALBAUM suffered violations of his civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.* And, Plaintiff VICTOR ALBAUM suffered bodily injury at time(s) stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in encountering and ultimately avoiding architectural barriers. Specifically, as a legal result of Defendants negligence in the design, construction and maintenance of the existing parking and elevators (specifically, elevator 3) at Millbrae Paradise, Plaintiff VICTOR ALBAUM suffered continuous, repetitive and cumulative pain and trauma because he was forced to walk long distances (500 feet or more) to access a dependable, working elevator.

**69.**  Further, Plaintiff VICTOR ALBAUM suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the

Complaint

encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

**70.**  Plaintiff VICTOR ALBAUM is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER**:

Wherefore, Plaintiff VICTOR ALBAUM prays that this court award damages and provide relief as follows:

1.  Award Plaintiff VICTOR ALBAUM general, compensatory, and statutory damages in an amount within the jurisdiction of the Court;

2.  Award Plaintiff VICTOR ALBAUM punitive damages according to proof;

3.  Award Plaintiff VICTOR ALBAUM his attorneys' fees, litigation expenses and costs of suit, as provided by law;

4.  Award Plaintiff VICTOR ALBAUM treble damages for the failure to remove architectural barriers pursuant to Civil Code § 52(a);

5.  Award such other and further relief as the Court may deem just and proper.


Dated: February 16, 2017          THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*


                                  By: ___/s/ Thomas E. Frankovich___
                                  Thomas E. Frankovich
                                  Attorney for Plaintiff VICTOR ALBAUM


**DEMAND FOR JURY TRIAL**

25

Complaint

1

2          Plaintiff VICTOR ALBAUM hereby demands a jury for all claims for which a

3    jury is permitted.

4

    Dated: February 16, 2017          THOMAS E. FRANKOVICH,
5                                      *A PROFESSIONAL LAW CORPORATION*

6

7                                      By:  __/s/ Thomas E. Frankovich__
                                          Thomas E. Frankovich
8                                          Attorney for Plaintiff VICTOR ALBAUM

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint