UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ALBAUM, <br><br> Plaintiff, <br><br> v. <br><br> MILLBRAE PARADISE OWNERS ASSOCIATION, et al., <br><br> Defendants. | Case No. 17-cv-01087-EMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND** <br><br> Docket No. 63 |

Plaintiff Victor Albaum has filed suit against the following entities and persons: Millbrae Paradise Owners Association; AGH Realty Group Corp.; George Lam; Suzanne Lo; and Derrick Lee. The claims asserted in the original complaint relate to disability discrimination in housing, more specifically, at Millbrae Paradise Condominiums where Mr. Albaum rented a condo. *See, e.g.*, Compl. ¶ 7 (alleging disability based on diabetes which has required Mr. Albaum to undergo a number of foot surgeries; "he is unable to walk long distances and even short distances present great difficulty for him"); Compl. ¶ 1 (alleging that Defendants failed to make reasonable accommodations in the subject property, Millbrae Paradise Condominiums).

Mr. Albaum initiated this lawsuit – represented by the Frankovich law firm – in March 2017. In June 2017, the Frankovich law firm moved to withdraw as counsel; the Court granted the motion in September 2017. *See* Docket No. 31 (motion); Docket No. 54 (order). In November 2017, Mr. Albaum filed the currently pending motion for leave to amend. Mr. Albaum asks to add three individuals as defendants to the case – namely, Irene Lee, Angela Y. Chang, and Aaron Lee. These individuals are all related to or affiliated with Derrick Lee.

Having considered the parties' briefs, the Court hereby **GRANTS** in part and **DENIES** in part the motion for leave to amend.

# I. FACTUAL & PROCEDURAL BACKGROUND

As alleged in the complaint (filed while Mr. Albaum still had counsel), Millbrae Paradise Owners Association ("MPOA"), AGH Realty Group Corp. ("AGH"), Mr. Lam, and Ms. Lo are the owners, operators, and/or managers of the Millbrae Paradise Condominiums. *See* Compl. ¶¶ 8-11. Derrick Lee owns one of the condo units in the Millbrae Paradise Condominiums. *See* Compl. ¶ 12. Derrick Lee rented his unit to Mr. Albaum, his wife, and his son. *See* Compl. ¶ 21.

Mr. Albaum was given the use of a parking space in the Millbrae Paradise Condominiums. The parking space was located underground. While the parking space was close to an elevator, he was not able to use the elevator "with any consistency or predictability" because it was not properly maintained and, even when functional, it was frequently reserved by other residents as it is a freight elevator, located near a truck loading dock. *See* Compl. ¶ 21.

Mr. Albaum complained to Defendants, particularly Mr. Lam and Ms. Lo but to no avail. *See* Compl. ¶¶ 22-23. He therefore began to use the disabled parking space located near other elevators. Based on his use of that space, the MPOA issued a warning notice, informing him that he had to move his car or it would be wheel-locked and he would be fined to have that lock removed. *See* Compl. ¶ 24. After receiving the notice, Mr. Albaum spoke with Mr. Lam and Ms. Lo and explained that he was disabled. He requested an accommodation based on his disabilty – *i.e.*, a parking space closer to other elevators. That request was not granted. *See* Compl. ¶¶ 25-27.

Mr. Albaum therefore continued to use the disabled parking space which, by that time, was marked as for commercial customers only. (There are some commercial residents in the Millbrae Paradise Condominiums.) The MPOA thereafter issued another warning notice to him. Because of the second notice, Mr. Albaum was forced to return to use of his designated parking space which required him to walk a significant distance (for his disability) in order to reach a functional elevator. *See* Compl. ¶¶ 28-32.

Subsequently, Mr. Albaum asked Defendants again for a reasonable accommodation. *See* Compl. ¶ 33. Derrick Lee claimed that that decision was for AGH to make, not him. *See* Compl. ¶ 41. The MPOA responded that it was unable to grant the request and that only Derrick Lee was in a position to assist him. *See* Compl. ¶ 42.

Approximately a month later, Mr. Albaum discovered that all of the disabled parking spaces at the Millbrae Paradise Condominiums had been painted over and the signage removed. He learned that this was at the request of the MPOA, Derrick Lee, and other unnamed residents. *See* Compl. ¶ 43.

According to Mr. Albaum, because of the discrimination and retaliation, he and his family were forced to move in the spring of 2016. *See* Compl. ¶ 44.

Based on, *inter alia*, the above allegations, Mr. Albaum has asserted the following causes of action:

(1) Violation of the Fair Housing Act. *See* 42 U.S.C. § 3601 *et seq.*

(2) Violation of the Housing and Urban Development Act. *See* 24 C.F.R. Part 100, Subpart D, *et seq.*

(3) Violation of the California Fair Employment & Housing Act. *See* Cal. Civ. Code § 12955 *et seq.*

(4) Violation of the Unruh Civil Rights Act. *See* Cal. Civ. Code §§ 51-53.

All Defendants have answered the complaint. *See* Docket Nos. 9-10 (answers, filed in April and May 2017).

## II. DISCUSSION

Federal Rule of Civil Procedure 15 governs amendments. Mr. Albaum no longer has the right to amend as a matter of course, and thus, absent the opposing parties' written consent, he must obtain leave of court to amend. "[A] court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that a district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Not all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating that "delay, by itself, is insufficient to justify

denial of leave to amend"). "Prejudice is the 'touchstone of the inquiry under rule 15(a).' Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

As noted above, in the instant case, Mr. Albaum seeks to add three new defendants to the case, more specifically, Irene Lee, Angela Y. Chang, and Aaron Lee. All are related to and/or affiliated with Derrick Lee (the owner of the condo unit that Mr. Albaum rented). Not surprisingly, it is only Derrick Lee who has opposed the motion to amend.

Irene Lee appears to be Derrick Lee's mother. *See* Mot., Ex. B (email). Mr. Albaum has provided documents indicating that (1) Irene Lee signed the landlord-tenant agreement (from December 2014) between Derrick Lee and Mr. Albaum, on Derrick Lee's behalf. *See* Mot., Ex. A (agreement), and that (2) in December 2015, Irene Lee sent an email to Mr. Albaum, informing him that she had taken over managing the books for Derrick Lee. *See* Mot., Ex. B (email). The original complaint contains one allegation related to Irene Lee – *i.e.*, claiming that she sent an email to Mr. Albaum advising that Mr. Albaum and Derrick Lam try to resolve their conflict informally.

Angela Y. Chang appears to be Derrick Lee's wife. *See* Mot., Ex. C (grant deed). Mr. Albaum has provided a document indicating that she and Derrick Lee own half of the condo unit at issue; the other half appears to be owned by Aaron Lee. *See* Mot., Ex. C (grant deed).

In his opposition to the motion to amend, Derrick Lee argues that the motion should be denied based on futility. Derrick Lee argues that documents already produced to Mr. Albaum establish that he has no viable cause of action against any of the *current* defendants in the case – *i.e.*, because they have "no legal basis or power to transfer or otherwise re-assign their property rights to accommodate him." Mot. at 2; *see also* Mot. at 3 (asserting that "each residential and commercial parking space at the Millbrae Paradise property (including handicap parking spaces) [is] reserved as an Exclusive Use Common Area and is granted and deeded to an owner as an exclusive use easement appurtenant to the owner's corresponding residential or commercial unit"). Derrick Lee adds that adding the proposed new defendants to the case will not change this problem.

4

Derrick Lee's position is not convincing. Derrick Lee may well be right that Mr. Albaum will ultimately lose on the merits but, at this point, Derrick Lee has not done enough to show that Mr. Albaum will as a matter of law lose on the merits. Derrick Lee is effectively asking the Court to prejudge a motion to dismiss by the current defendants in the case, but no such motion is pending before the Court.

Moreover, Mr. Albaum has a plausible basis for adding at least Angela Y. Chang and Aaron Lee as defendants to the case. They, along with Derrick Lee, have an ownership interest in the condo unit at issue. One of Mr. Albaum's theories is that the owners of the condo were responsible to do something to help him (*i.e.*, to accommodate his disability).

Naming new defendant Irene Lee, however, is problematic. At this point, Mr. Albaum has not articulated a plausible basis for holding her accountable for failure to accommodate. She does not have an ownership interest in the condo unit. Although she apparently manages the books for Derrick Lee, that is not enough to give rise to a reasonable inference that, *e.g.*, she had decision-making authority as to whether Mr. Albaum's accommodation request should have been granted. In his reply, Mr. Albaum notes that Derrick Lee identified Irene Lee as a witness in his initial disclosures. *See* Reply, Ex. D (initial disclosures). But just because she is a witness does not mean that she should also be a defendant.

### III. **CONCLUSION**

For the foregoing reasons, the Court shall allow Mr. Albaum to amend his complaint, but only to add Angela Y. Chang and Aaron Lee as defendants. Irene Lee shall not be added as a defendant.

Mr. Albaum shall file his amended complaint within two weeks of the date of this order. Mr. Albaum is advised that the only permitted amendment is new allegations as to who Angela Y. Chang and Aaron Lee are, the basis for their alleged liability, and what claims are being asserted

///

///

///

///

5

against them. Mr. Albaum shall serve his amended complaint on Angela Y. Chang and Aaron Lee within three weeks of the date of this order.

This order disposes of Docket No. 63.

**IT IS SO ORDERED**.

Dated: January 4, 2018

_____
EDWARD M. CHEN
United States District Judge